**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL ELLIS, | No. 18-17015 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00536-SPL |
| v. | |
| CORIZON INCORPORATED, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| KAREN BARCKLAY; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted December 11, 2019[**]

Before: WALLACE, CANBY, and TASHIMA, Circuit Judges.

Arizona state prisoner Michael Ellis appeals pro se from the district court's

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference in the treatment of his skin condition. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (summary judgment); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly dismissed Ellis's claims against defendants Barclay-Dodson, Devon, Myers, and Johnson because Ellis failed to allege facts sufficient to state a plausible claim. *See Toguchi*, 391 F.3d at 1057-60 (deliberate indifference is a high legal standard; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court properly granted summary judgment on Ellis's deliberate indifference claim against defendant Corizon Inc. because Ellis failed to establish a genuine dispute of material fact as to whether any policy or custom of Corizon Inc. caused him to suffer a constitutional injury. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1073-76 (9th Cir. 2016) (en banc) (discussing requirements to establish liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (a

private entity is liable under 42 U.S.C. § 1983 only if the entity acted under color of state law and the constitutional violation was caused by the entity's official policy or custom).

**AFFIRMED.**